■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM SIMON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Miller, J.), rendered February 21, 1984, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Judgment reversed, on the law, and indictment dismissed.

This case is remitted to the Supreme Court, Kings County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

On June 12, 1981, at approximately 11:30 P.M., Charles Miller was found lying in the street bleeding from his head. He subsequently died from the injury. It was alleged that the injury was inflicted during the course of a robbery in which money and a radio were forcibly stolen from the victim. The defendant was charged, under an acting-in-concert theory, *inter alia,* with one count of felony murder, the underlying felony being robbery. Three other males, accused of being his cohorts, were tried for the same crime jointly, but separately from the defendant. All three were acquitted prior to the time of the defendant's trial. The defendant was subsequently convicted of felony murder and sentenced to an indeterminate term of 15 years to life imprisonment. Because we find that the evidence was insufficient to establish that a robbery had occurred, the conviction must be reversed and the indictment dismissed.

The relevant trial testimony came from three witnesses. The victim's brother testified that about 6½ hours prior to the fatal attack he saw his brother carrying a radio. He did not see his brother alive again. Noel Nieves testified that he was present at the crime scene. There were at least 20 other people milling about the area. He saw a man, about 6-feet, 1-inch tall, carrying a radio and running from the area. He testified that the defendant, whom he had known for six or seven months prior to the incident, was definitely not among the people at the crime scene. Lastly, John Campbell testified that he observed the incident from his apartment window. He saw the defendant and three others, all of whom he knew previously, attack Charles Miller. He testified that he saw the defendant hit Charles Miller on the head with what looked like a stick. Specifically absent from his testimony was any mention of a radio or any indication that he saw anybody take any property from the victim. He stated that he was able to see the entire area from his window and saw no other people at or near the scene except for the people who were involved in the incident. Also elicited at the trial was the fact that the victim had approximately $20 in change, as well as some rings and bracelets, when he was taken to the hospital.

It is beyond dispute that the essential elements of the underlying felony must be proven beyond a reasonable doubt in order for a conviction of felony murder to be justified. We find that the evidence in this case was insufficient to establish

the forcible stealing of property, an essential element of the underlying felony of robbery. The People alleged that the defendant or his cohorts stole money and a radio from the victim. However, there was no evidence, either direct or circumstantial, that any money had been taken from Charles Miller. Indeed, the only mention of money within the evidence was that $20 in change was recovered from the victim at the hospital.

Similarly lacking in the evidence was a sufficient basis upon which to conclude that a radio was stolen from Charles Miller. The fact that his brother saw him with a radio 6½ hours prior to the incident has little probative value because of the remoteness in time to the attack and the lack of any evidence as to where the victim went and who he was with during that time span. The testimony of Noel Nieves was similarly insufficient. Although he stated that he saw a "tall man" leave the scene carrying a radio, he did not testify that he saw that man take the radio from the victim. Moreover, according to his testimony, the defendant was not at the scene. As the carrying of radios has become commonplace within our society, it cannot be reasonably concluded that the radio carried by the tall man was the same radio possessed by the victim 6½ hours prior to the attack.

Finally, we turn to the testimony of John Campbell, the only witness to place the defendant at the crime scene. While Campbell's testimony might have provided a sufficient basis to sustain a conviction for assault or possibly even intentional murder, specifically lacking from his testimony was any indication of a taking of property, forcibly or otherwise.

Under the facts elicited at the trial, there was no rational basis upon which the jury could have found that there was a forcible taking of property. As a result, the People failed to establish that a robbery occurred. Therefore, the defendant's conviction of felony murder is reversed because there is a lack of sufficient proof of the underlying felony, and the indictment is dismissed. Lazer, J. P., Thompson, Niehoff and Kunzeman, JJ., concur.